UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN J SNEDDEN, <br><br> Plaintiff, <br><br> v. <br><br> JERI BOE, et al., <br><br> Defendants. | Case No. C19-5539 RBL-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for November 15, 2019 |

This matter comes before the Court on plaintiff's filing of a motion to voluntarily dismiss plaintiff's complaint. Dkt. 30. This matter has been referred to Magistrate Judge Theresa Fricke pursuant to 28 U.S. §636(b)(1)(B); Local Rule MJR 3 and 4. Defendants have informed the Court that they do not oppose plaintiff's motion. Dkt. 31.

DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Pursuant to Rule 41(a)(1), an action may be dismissed by the plaintiff without a court order by filing:

> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

After service of an answer or motion for summary judgment, dismissal by plaintiff must be sought under Rule 41(a)(2), which provides, in part that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. […] Unless

REPORT AND RECOMMENDATION - 1

1  the order states otherwise a dismissal under this paragraph (2) is without
2  prejudice.

3  The decision to grant a voluntary dismissal pursuant to Rule 41(a)(2) is within the sound
4  discretion of the court. *Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). "A district court
5  should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show
6  that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975
7  (9th Cir. 2001). For purposes of voluntary dismissal, "legal prejudice" means prejudice to a legal
8  interest, claim or argument. *Id*. at 976. Finally, when a party moves to voluntarily dismiss an
9  action without specifying whether they seek to dismiss the action with or without prejudice, the
10 determination is left to the discretion of the court. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir.
11 2002).

12 Here, defendants have served an answer to plaintiff's complaint (Dkt. 19) and no
13 stipulation of dismissal has been filed by the parties. Accordingly, plaintiff's complaint can only
14 be dismissed by court order, on terms that the court considers proper. Plaintiff has requested that
15 his complaint be dismissed, and defendants have informed the court that they do not oppose the
16 motion. Therefore, neither party contends that they will be prejudiced by the voluntary dismissal
17 of this action.

18 For the foregoing reasons, the undersigned recommends that the Court grant plaintiff's
19 motion (Dkt. 30) and dismiss this action without prejudice. Further, because the undersigned
20 recommends the complaint be dismissed, the remaining pending motions in this action should be
21 denied as moot.

22 The parties have **fourteen (14) days** from service of this Report and Recommendation to
23 file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file

24

25

REPORT AND RECOMMENDATION - 2

objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on **November 15, 2019**, as noted in the caption.

Dated this 16th day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3